Lawrence REMSEN; et al., Plaintiffs—Appellants,

v.

Edward S. ALAMEIDA, Jr., Director; et al., Defendants—Appellees.

No. 05-16294.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Lawrence Remsen, Ione, CA, pro se.

Gregory Watson, Ione, CA, pro se.

Hafed Mohamed Thabet, Ione, CA, pro se.

Michael Stephen Matlock, Ione, CA, pro se.

Constance L. Picciano, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Lawrence Remsen and other California state prisoners at Mule Creek State Prison appeal pro se from the district court's order dismissing their 42 U.S.C. § 1983 action alleging that California state laws under which the Board of Prison Terms determines good time credits and parole

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

eligibility violate Due Process and Equal Protection. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *see Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998), and we affirm.

After giving the plaintiffs an opportunity to amend their complaint, the district court properly dismissed the plaintiffs' claims concerning good time credits, reduced sentences, and entitlement to early release because they fail to state civil rights claims upon which relief can be granted. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (when a prisoner seeks an earlier or immediate release from prison or requests relief with respect to his term of imprisonment, his sole federal remedy is by means of a petition for writ of habeas corpus).

Plaintiff's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.